RECEIVED

SEP 2 6 2008

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD BAILEY and
ROXANNA BAILEY,

    Plaintiffs,

Vs.                                                Cause No. 4:08-cv-01456 TCM

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

## RESPONSE TO DEFENDANTS ANSWER

We ….Reginald & Roxanna Bailey, (hereinafter "Plaintiffs") come in response to Allstate Insurance Company's (hereinafter "defendants") answer to this cause of action. On page two (2) of this answer under the heading of "Affirmative Defenses" the defendant makes a claim of arson either by the plaintiffs or someone at the plaintiff's direction. This claim is only supported by a "Negative Corpus " determination, no other signs of arson existed as stated in the May 22,2008 letter from Allstate's special investigator Russell Crowder. Secondly the determination of an incendiary fire by the defendants hired fire investigator does not meet the state's recognized threshold of a fire being of the "incendiary" nature as there were two (2) possible accidental heat sources that were not ruled out as possible sources of the fire. Additionally the defendants in this case after having the scene inspected removed all evidence from the scene before either the state or the plaintiffs were notified of

it's finding of incendiary, thus depriving the plaintiff of access of the evidence to have it inspected by an additional expert and depriving law enforcement to inspect and declare any criminal wrong doing. These actions weather careless or with malice have resulted in the plaintiffs motion (filed with this response) to declare defendants fire investigator report inadmissible.

The defendant's claim of concealment and/or misrepresented fact cannot be defended because this allegation has not been given clarity, the defendants have not to this date made in specific allegations it's a blanket statement without foundation

The third "affirmative defense" in the plaintiff view is moot, the counsel for the defendant requested a list of documents in a letter from defendants counsel David W. Cooper dated June 16,2008. On June 16,2008 plaintiffs responded in writing to Mr. Cooper informing Him of the lack of paperwork saved from the fire and informed him that plaintiffs would sign all releases for the documents, as plaintiffs were not going to sign a blanket release. Defendant counsel never responded. Additionally on page three (3) of the letter from counsel to plaintiffs in the first paragraph counsel states "Should you fail to produce the requested documentation on or before July 2, 2008, the examination under oath will be postponed, and the resolution of your claim will be delayed" the fact that the statement under oath was administered and releases for information were never offered plaintiffs understood this to be compliant. As further proof plaintiffs statement under oath for Reginald Bailey page 64 line 25 and page 65 lines 1-13 banking information was requested by defendants counsel, this information was made available and counsel never requested it. The defendants in this case continue to search for straws to avoid payoff for a legitimate though large claim. We the plaintiffs request the court declare our claim payable and just

Respectfully Submitted

*Reginald Bailey* (signature)

Reginald Bailey
Acting Pro Se for the plaintiffs
Reginald Bailey and
Roxanna Bailey
135 south street
Grenada MS. 38901
Phone: (662) 307-2810
Chesscatluv@yahoo.com