UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BAILEY and ROXANNA BAILEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:08cv1456 TCM ) |
| ALLSTATE PROPERTY & CASUALTY INSURANCE CO., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This pro se insurance dispute is before the Court on various motions, including four motions to strike filed by Defendant, Allstate Property & Casualty Insurance Company ("Allstate") [Docs. 4, 26, 40, 42]; a motion for more definite statement filed by Allstate [Doc. 16]; a motion for summary judgment filed by Plaintiffs, Reginald Bailey and Roxanna Bailey [Doc. 18]; a motion filed by Plaintiffs to have a fire investigator's report declared inadmissible [Doc. 22]; Plaintiffs's motion for oral argument on their motion for summary judgment [Doc. 34]; and Plaintiffs's motion for leave to amend their request for damages[1] [Doc. 39].

Plaintiffs initiated this pro se action against Allstate in state court, seeking (a) monetary damages for an alleged breach of their homeowners' insurance policy with Allstate, (b) damages for a vexatious refusal to pay, (c) attorney fees, and (d) punitive damages. Allstate removed the action to federal court on diversity grounds, see 28 U.S.C. § 1332(a)(1),

---

[1]Plaintiffs did not seek leave in their pleading, but simply filed their amended request for damages. Because they need leave of Court to file their amended pleading, see Fed.R.Civ.P. 15(a)(2), this request was docketed as a motion.

and filed an answer and a counterclaim for a declaratory judgment that (a) Plaintiffs caused, or directed, or knew of the fire to their house that is the subject of their action and (b) Allstate does not have to make any payments for that loss under the insurance policy at issue.

The pending motions are addressed below.

<u>Motions to Strike.</u>  Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The discretion granted by this Rule is liberal.  **BJC Health Sys. v. Columbia Cas. Co.**, 478 F.3d 908, 917 (8th Cir. 2007); <u>accord</u> **Stanbury Law Firm v. IRS**, 221 F.3d 1059, 1063 (8th Cir. 2000).

The Court will grant Allstate's first motion to strike.  Where, as in the instant case, the claim is by the insured, Plaintiffs, against their insurance company, Allstate, for the policy benefit, "the insured's remedy is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provided by the statute."  **Overcast v. Billings Mut. Ins. Co.**, 11 S.W.3d 62, 68 (Mo. 2000) (en banc).  Section 375.420 of the Missouri Revised Statutes provides for additional damages, calculated by a decreasing percentage, to be awarded if the insurance company has refused to pay a loss "without reasonable cause or excuse."  Mo.Rev.Stat. § 375.420.  Plaintiffs cannot, under Missouri law, recover damages for vexatious refusal and additional punitive damages.  Their request for punitive damages will be stricken.

Allstate also moves to strike Plaintiffs' motion for summary judgment, noting that it fails to comply with Local Rule 7-4.01(E) of the Eastern District of Missouri.  Plaintiffs's pro se status does not entitle them to disregard the Federal Rules of Civil Procedure or the Local

Rules. **Bennett v. Dr. Pepper/Seven Up, Inc.**, 295 F.3d 805, 808 (8th Cir. 2002); accord **Soliman v. Johanns**, 412 F.3d 920, 922 (8th Cir. 2005). "Striking a party's pleading, however, is an extreme and disfavored measure." **BJC Health Sys.**, 478 F.3d at 917. Plaintiffs' failure to comply with the Local Rules on summary judgment has prejudiced Allstate in its ability to respond to the motion. Additionally, Plaintiffs have failed to comply with the requirement of Federal Rule of Civil Procedure 56(e) that a summary judgment motion be supported by facts that would be admissible in evidence. See also **Marler v. Missouri State Bd. of Optometry**, 102 F.3d 1453, 1457 (8th Cir. 1996) (concluding that affidavit expressing only plaintiff's belief that defendants acted in vindictive manner insufficient to defeat summary judgment motion). Plaintiffs's motion for summary judgment will not be stricken, but it will be denied without prejudice. Their motion for oral argument on their motion for summary judgment will be denied as moot.

In its third motion to strike, Allstate moves to strike Plaintiffs' motion for default judgment. The file does not reflect that any motion for default judgment has been filed. The motion to strike such will be denied as moot.

In its fourth motion to strike, Allstate moves to strike Plaintiffs' pleading titled "Amended Request for Damages." This pleading is addressed below. The fourth motion will also be denied as moot.

Motion for More Definite Statement. In this motion, Allstate moves for an order directing Plaintiffs to file a more definite statement in response to its Counterclaim. The Court previously denied Allstate's motion to strike Plaintiffs' response, holding that the response should be liberally construed as an answer to the Counterclaim. Although the

response lacks the clarity that a paragraph-by-paragraph answer to each allegation in the Counterclaim would give, the Court finds that Plaintiffs' three-paragraph, narrative response sufficiently puts Allstate on notice of their position relative to the Counterclaim. The motion for more definite statement will be denied.

<u>Motion for Summary Judgment.</u>  Plaintiffs's motion for summary judgment and motion for oral argument are addressed above.

<u>Motion to Declare Fire Investigator's Report Inadmissible for Cause.</u>  This motion is based on conclusory allegations of misconduct unsupported by any evidence and will be denied.

<u>Motion for Leave to Amend.</u>  As noted above, see note 1, supra, Plaintiffs filed an "Amended Request for Damages" without first obtaining leave of Court.  Also as noted above, although pro se, Plaintiffs are not excused from complying with the Federal Rules of Civil Procedure and with the Local Rules.  Rule 15(a)(2) requires either the opposing party's written consent or leave of Court to amend a complaint once a responsive pleading has been filed.  Fed.R.Civ.P. 15(a)(2).  A motion requesting leave to amend must be accompanied by a memorandum setting forth any "relevant argument."  E.D.Mo. L.R. 7-4.01(A).  Plaintiffs' request to amend its complaint fails to comply with either requirement.  Their motion will be denied without prejudice.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Allstate Property & Casualty Insurance Company's motion to strike Plaintiffs's claim for punitive damages is **GRANTED**.  [Doc. 4]

**IT IS FURTHER ORDERED** that Allstate Property & Casualty Insurance Company's motion to strike the motion for summary judgment of Reginald Bailey and Roxanna Bailey [Doc. 26] is **DENIED**.

**IT IS FURTHER ORDERED** that Allstate Property & Casualty Insurance Company's motion to strike a motion for default judgment and motion to strike Reginald Bailey's and Roxanna Bailey's "Amended Request for Damages" are each **DENIED** as moot. [Docs. 40, 42]

**IT IS FURTHER ORDERED** that Allstate Property & Casualty Insurance Company's motion for more definite statement is **DENIED**.  [Doc. 16]

**IT IS FURTHER ORDERED** that the motion of Reginald Bailey and Roxanna Bailey for summary judgment and their motion for leave to file an amended complaint are each **DENIED** without prejudice.  [Docs. 18, 39]

**IT IS FURTHER ORDERED** that the motion of Reginald Bailey and Roxanna Bailey to have a fire investigator's report declared inadmissible is **DENIED**.  [Doc. 22]

**IT IS FINALLY ORDERED** that the motion of Reginald Bailey and Roxanna Bailey for oral argument on their motion for summary judgment is **DENIED** as moot.  [Doc. 34]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of February, 2009.