UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BAILEY and ROXANNA BAILEY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 4:08cv1456 TCM |
| ALLSTATE PROPERTY & CASUALTY INSURANCE CO., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is now before the Court on the motion of the pro se Plaintiffs to amend their complaint. This one sentence motion is accompanied by a memorandum stating that Plaintiffs wish to add allegations that Defendant has slandered and defamed them and has destroyed or tampered with the evidence. Defendant opposes the motion.

Plaintiffs allege in their seminal complaint that Defendant has improperly denied them coverage under their homeowner's insurance policy for a fire that destroyed their home and the property therein.

In October 2008, Plaintiffs filed a motion to have a fire investigator's report declared inadmissible, arguing, in part, that Defendant was guilty of tampering with evidence of the fire's origins. After a scheduling conference held the following month, the Court entered a Fed.R.Civ.P. 16(b) case management order setting a deadline of January 5, 2009, for the amendment of pleadings. Nine days after this deadline, Plaintiffs filed an "Amended Request for Damages." They sought monetary relief for, among other things, slander and defamation of character and "[c]onducting business in bad faith." This pleading was

docketed as a motion for leave to file an amended complaint and was denied without prejudice for failure to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure and with Local Rule 7-4.01(A) of the Eastern District of Missouri.

On February 23, Plaintiffs filed their one-sentence motion to amend the complaint and one-paragraph supporting memorandum. Plaintiffs note in their memorandum that leave to amend a pleading should be freely granted a party "when justice so requires." Fed.R.Civ.P. 15(a). Defendant notes that Plaintiff sought such leave at least six weeks after the deadline established by the Court's case management order.

The Eighth Circuit Court of Appeals held in **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709 (8th Cir. 2008), that "[t]he interplay between Rule 15(a) and Rule 16(b) is settled in [the] circuit." **Id.** at 716. The standard is that "'[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.'" **Id.** (quoting Popoalii v. Correctional Medical Servs., 512 F.3d 488, 497 (8th Cir. 2008)) (alteration in original). Plaintiffs have failed to make this showing; indeed, Plaintiffs have failed to allege that there is such cause and were clearly on notice of the new claims before the case management order's deadline passed.[1] See **Id.** at 717 (noting that the Eighth Circuit cases focus first, and usually only, on the diligence of the party seeking to modify a case management order); **Rahn v. Hawkins**, 464 F.3d 813, 822 (8th Cir. 2006) ("The primary

---

[1]As the Court noted in an earlier memorandum and order, Plaintiffs's pro se status does not entitle them to disregard the Federal Rules of Civil Procedure or the Local Rules. **Bennett v. Dr. Pepper/Seven Up, Inc.**, 295 F.3d 805, 808 (8th Cir. 2002); accord **Soliman v. Johanns**, 412 F.3d 920, 922 (8th Cir. 2005).

measure of good cause is the movant's diligence in attempting to meet the order's requirements.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to amend original pleading and damages is **DENIED**. [Doc. 55]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of March, 2009.