# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD BAILEY and ROXANNA BAILEY, ) ) ) Plaintiffs, ) ) vs. ) ) ALLSTATE PROPERTY & ) CASUALTY INSURANCE CO., ) ) Defendant. ) | Case No. 4:08cv1456 TCM |

## ORDER

Reginald and Roxanna Bailey ("Plaintiffs") filed this pro se action against Allstate Property & Casualty Insurance Company ("Allstate") for damages caused by an allegedly improper refusal to pay their claim for property damaged by a fire at their residence in the City of St. Louis. A case management order was issued in November 2008 setting a discovery deadline of June 1, 2009. After conferring with Plaintiffs, Allstate has set their depositions in St. Louis for Saturday, May 23, 2009. A Saturday date was selected in an attempt to accommodate Mr. Bailey's need to take off as little time as possible from work. Mr. Bailey has informed Allstate that neither he nor Roxanna Bailey will be present. Allstate now moves for an order compelling Plaintiffs to attend their depositions on May 23, 2009.

This case was removed from state court in September 2008. Their first pleading filed after removal listed a Mississippi address for Plaintiffs. They have appeared in court three times since: once in November 2008 for a scheduling conference; once in January 2009 after they filed a motion for an expedited hearing on a discovery dispute; and once in March 2009 for another discovery dispute.

Rule 30(a) of the Federal Rules of Civil Procedure permits a party to "depose any person, *including a party*" without leave of court if the deposition is to be taken before the applicable deadline and does not exceed the number of permissible depositions. Neither exception is applicable in the instant case. Consequently, the motion to compel is granted. [Doc. 75]

Plaintiffs are hereby ordered to appear in St. Louis, Missouri, for their depositions on Saturday, May 23, 2009, at a time and place selected by Allstate. Plaintiffs are also hereby cautioned **that a failure to comply with this Order may result in the imposition of sanctions, which may include the exclusion of evidence at trial or the dismissal of their suit.** See e.g. **In re O'Brien**, 351 F.3d 832, 839 (8th Cir. 2003) (affirming dismissal of action after plaintiff filed to appear for two depositions); **Rodgers v. Curators of Univ. of Mo.**, 135 F.3d 1216, 1218 (8th Cir. 1998) (affirming dismissal of action after pro se plaintiff failed to, among other things, attend properly-noticed deposition).

SO ORDERED.

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2009.