| | | |
|---|---|---|
| **REGINALD BAILEY and**<br>**ROXANNA BAILEY,** | ) )<br>) | |
| **Plaintiffs,** | ) )<br>) | |
| **vs.** | ) )<br>) | **Case No. 4:08cv1456 TCM** |
| **ALLSTATE PROPERTY &**<br>**CASUALTY INSURANCE CO.,** | ) )<br>) | |
| **Defendant.** | ) )<br>) | |

## MEMORANDUM AND ORDER

The trial of this case ended in the jury returning a $140,000.00 verdict in favor of the pro se plaintiffs, Reginald Bailey and Roxanna Bailey (the Baileys), and against Allstate Property & Casualty Insurance Company (Allstate), the company that insured their house. Now pending are the Baileys' motion to modify the jury award and for pretrial interest, a motion by Franklin Credit Management Corporation (Franklin) to intervene, a motion by the Baileys for the Court to rule on their motion to modify before ruling on Franklin's motion, a motion by Allstate to strike a document filed by the Baileys, a motion by Allstate to strike the Baileys' answer to Franklin's intervenor complaint, a motion by Franklin to strike a pleading filed by the Baileys, a motion by the Baileys for an expedited hearing on the motion to intervene, and a motion by the Baileys to strike the motion to intervene.

As the majority of the disputed pending issues focus on the intervention question, the Court will address that first.

The underlying action is a claim by the Baileys against Allstate for reimbursement under their insurance policy of fire damage to their house and its contents. The action was filed in state court in August 2008, removed to federal court in September 2008, and tried

in January 2009.  The jury returned its verdict on January 6.  On February 3, Franklin moved to intervene, noting in that motion that it is identified as the "Mortgagee" in the insurance policy at issue and arguing, in part, that the jury's question whether they could stipulate that an award be put in escrow to pay the mortgage was a likely indicator of the jury's intent that their award be applied to the mortgage.  In its supporting memorandum, Franklin argues that its motion to intervene as of right is timely in that (a) the judgment is not yet final and (b) the motion does not raise any additional issues which must be tried.  Franklin further argues that payment to it of the award benefits the Baileys because it would be applied to their mortgage debt and benefits Allstate because it complies with the terms of the insurance policy.  Franklin does not offer any reason for the timing of their motion.

Rather than concur with Franklin's view of the benefits to them of its motion, the Baileys oppose the motion.  Allstate does not.  In their response, the Baileys allege that they kept Franklin informed of Allstate's denial of their claim, the filing of the action, and the removal of the action to federal court.  In an amended response, the Baileys allege that Franklin was not named as a mortgagee in the applicable policy.  In its response, Allstate allege that Franklin paid the premiums on the policy and that Allstate must include Franklin on any payments made under the policy.

The Court does not take issue with either the Baileys' or Allstate's allegations.  The Court does take issue, however, with the timing of Franklin's motion.

Federal Rules of Civil Procedure 24(a) defines when a court must permit anyone to intervene "[o]n timely motion."  Although "'Rule 24(a) should be liberally construed with all doubts resolved in favor of the proposed intervenor,'" **Tweedle v. State Farm Fire & Cas. Co.**, 527 F.3d 664, 671 (8th Cir. 2008) (quoting <u>South Dakota ex rel. Barnett v. U.S. Dep't of Interior</u>, 317 F.3d 783, 785 (8th Cir. 2003)), an untimely motion to intervene must be

denied, **NAACP v. New York**, 413 U.S. 345, 365 (1973). When exercising its discretion in considering the timeliness of Franklin's motion, the Court must "consider all surrounding circumstances, but especially the stage of the litigation, the reason for the delay in seeking intervention, and any possible prejudice to the parties already in the litigation." **Tweedle**, 527 F.3d at 671; accord **Taylor v. Southwestern Bell Tel. Co.**, 251 F.3d 735, 741 (8th Cir. 2001); **United States v. Union Elec. Co.**, 64 F.3d 1152, 1159 (8th Cir. 1995). To prevail, in addition to establishing the timeliness of the motion, the proposed intervenor, Franklin, must "have [i] a recognized interest in the subject matter of the litigation" (ii) "that might be impaired by the disposition of the case" and (iii) that "will not be adequately protected by" the existing parties. **Tweedle**, 527 F.3d at 671 (internal quotations omitted). "[N]othing in Rule 24(a) precludes postjudgment or even post-appeal intervention." **Tweedle**, 527 F.3d at 671. The question of timeliness must be the first reached when considering a Rule 24 motion. **NAACP**, 413 U.S. at 365.

The Court finds the motion to intervene untimely. Franklin had sixteen months between the filing of the action and the jury's verdict to file its motion, but it did not. Indeed, from the context of the motion and its reference to the jury's question, it appears that only after the verdict did it consider intervention. See **Arrow v. Gambler's Supply, Inc.**, 55 F.3d 407, 409 (8th Cir. 1995) (affirming district court's denial of motion to intervene as untimely when movants waited nearly two years and only moved when parties reached settlement agreement); **Nextel Commc'ns of Mid-Atlantic, Inc. v. Town of Hanson**, 311 F.Supp.2d 142, 154 (D. Mass. 2004) (fourteen-month dispute was of sufficient duration to put prospective intervenors on notice). But cf. **Mille Lacs Band of Chippewa Indians v. Minn.**, 989 F.2d 994, (8th Cir. 1993) (motion to intervene filed eighteen months after suit had begun

was not untimely given that very little litigation activity had occurred in interim). This delayed attention is also evidenced by Franklin's silence on the reason for the timing of its motion. And, although Franklin alleges that there is no prejudice to the parties, "[t]he question for determining the timeliness of [a] motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." **Union Elec. Co.**, 64 F.3d at 1159. The Baileys are prejudiced by the delay in that they would then have to respond to Franklin's arguments that it is entitled to the entire verdict. See **Minnesota Milk Producers Ass'n v. Glickman**, 153 F.3d 632, 646 (8th Cir. 1998) (affirming district court's finding that postjudgment motion to intervene filed at last opportunity and which would cause existing party to respond to arguments was untimely). On the other hand, Allstate advises the Court, Franklin, and the Baileys that they will have to make the payment due pursuant to the jury's verdict payable to the Baileys and Franklin, thereby weakening Franklin's claim of prejudice.[1]

For the foregoing reasons, Franklin's motion to intervene will be denied.

Also to be denied are the four motions to strike filed by Allstate, Franklin, and the Baileys. The Baileys' motion for a priority ruling on their motion to alter and amend and their motion for an expedited hearing will be denied.

The earliest pending postjudgment motion is one filed by the Baileys to "modify the jury award to comply with [their] contract of insurance issued by [Allstate]." (Mtn. at 1.) In their supporting memorandum, the Baileys argue that the jury was not properly instructed

---

[1]This representation also weakens any argument by Franklin that failure to grant its motion will impair its interests and that those interests will not be adequately protected by Allstate, two of the factors to be considered when ruling on a *timely* motion to intervene.

on their obligation to enter an award consistent with the contract at issue, as evidenced by their verdict which was less than the value of the policy but was still in favor of the Baileys. The Baileys contend that the proper award would be for $646,423.00 for the dwelling, $203,818.00 for personal property, and $64,642.00 for loss of use. (Mem. at 6.)

The Baileys not only had to prove that an insurable event caused damage to their insured property, they had to establish the amount of that damage. Their argument that if the jury believed that the fire damage to their house and its contents was an insurable event under their contract with Allstate, then the jury, had they been properly instructed, would have had to accept the Baileys' figures about the amount of that loss is unavailing. The Baileys had to prove the amount of loss they sustained; the jury concluded they had proved a loss of $140,000.00. The discrepancy between this verdict and the Baileys' opinion is attributable to the Baileys' evidence, not the jury's instructions. The motion to alter or amend will be denied.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the following motions are **DENIED**: the motion of Reginald Bailey and Roxanna Bailey to modify the jury award and for pretrial interest [Doc. 136]; the motion of Franklin Credit Management Corporation to intervene [Doc. 140]; the motion of Reginald Bailey and Roxanna Bailey for a ruling on their motion to alter or amend before a ruling on the motion to intervene [Doc. 144]; the motion by Allstate Property & Casualty Insurance Company to strike a document filed by the Baileys [Doc. 149]; the motion by Allstate Property & Casualty Insurance Company to strike the Baileys' answer to the intervenor complaint [Doc. 151]; the motion of Franklin Credit Management Corporation to strike a pleading filed by the Baileys [Doc. 153]; the motion of Reginald Bailey and

Roxanna Bailey for an expedited hearing on the motion to intervene [Doc. 155]; and the motion of Reginald Bailey and Roxanna Bailey to strike the motion to intervene [Doc. 158].

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  31st  day of March, 2010.