UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD BAILEY and ROXANNA BAILEY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:08cv1456 TCM |
| ALLSTATE PROPERTY & CASUALTY INSURANCE CO., | ) ) ) ) |
| Defendant. | ) |

## ORDER

This closed case is before the Court on the opposed motion of defendant, Allstate Property & Casualty Insurance Company, for leave to interplead funds, specifically the $140,000.00 verdict rendered in favor of the plaintiffs, Reginald Bailey and Roxanna Bailey. Defendant explains that Plaintiffs and Franklin Credit Management Corporation, the mortgagee on the property that was the focus of the underlying action, have competing claims to the money and cannot agree on a distribution of the funds, leaving Defendant in the untenable position of being unable to satisfy the verdict and their obligation under the relevant insurance policy to the mortgagee. Citing Fed.R.Civ.P. 22(a)(2), Defendant requests that it be permitted to pay the monies due under the verdict into the Court and be discharged from further liability to Plaintiffs and the mortgagee.

Rule 22(a)(2) permits a defendant exposed to double liability to seek interpleader through a cross-claim or counter claim. The Court found no case, not does Allstate cite one, permitting a defendant to seek interpleader by initiating a counterclaim after judgment has been entered in the underlying action. This does not, however, leave Allstate without a

remedy. Interpleader actions may be filed in federal court if there is diversity of citizenship, see 28 U.S.C. § 1335, or in state court if there is not, see Mo.S.Ct.R. 52.07.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Allstate Property & Casualty Insurance Company's motion to interplead funds is **DENIED**. [Doc. 163]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of April, 2010.